IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER SCOTT HEDGLIN,       )
                                )
           Plaintiff,           )
                                )
     -vs-                       )     Civil Action No.   18-755
                                )
ANDREW M. SAUL,[1]              )
COMMISSIONER OF SOCIAL SECURITY,)
                                )
           Defendant.           )

AMBROSE, Senior District Judge

## **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 12 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying an application for child's insurance benefits and an application for supplemental security income. Plaintiff filed his applications alleging he has been disabled since January 22, 1997, the date of his birth. (ECF No. 9-7, pp. 2, 9). Administrative Law Judge ("ALJ"), Melissa Tenenbaum, held a hearing on May 24, 2017. (ECF No. 9-2, pp. 27-62). On September 7, 2017, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 9-2, pp. 13-22).

After exhausting all administrative remedies thereafter, Plaintiff filed this action. The

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 11 and 14).  The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Substantial evidence has been defined as "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate."  *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979).  A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record.  *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998).  Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole.  *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.  42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.  20 C.F.R. §404.1520(a).  The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. <u>Listed Impairments</u>

Plaintiff argues that the ALJ erred by failing to explain why he did not meet a listed impairment. (ECF No. 12, pp. 1-3). In step three of the analysis set forth above, an ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, Appx. 1.; *Jesurum v. v. Secretary of Health and Human Services*, 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. *Burnett v. Commissioner,* 220 F.3d 112, 119 (3d Cir. 2000). It is a plaintiff's burden to show that his impairment matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992).

Here, the ALJ specifically considered whether Plaintiff's severe impairments meet or equaled a listed impairment. (ECF No. 9-2, pp. 17-18). Again, it is Plaintiff's burden to show that his impairment(s) matches a listing or is equal in severity to a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir.1992). At no point, however, does Plaintiff suggest how he meets any listing.[2] (ECF No. 12, pp. 2-3). Consequently, I find Plaintiff's argument to be underdeveloped and wholly inadequate to place the issue before me.[3]

---

[2] Instead, Plaintiff suggests that the ALJ misconstrued his testimony and the medical records. *Id.* I disagree. An ALJ is required to consider, inter alia, a plaintiff's activities of daily living. 20 C.F.R. §§404.1529, 416.929. In this case, the ALJ noted that Plaintiff "occasionally completes household chores, such as laundering his clothes and washing dishes." (ECF No. 9-2, p. 19). I do not find this to be a mischaracterization. (ECF No. 9-2, pp. 47-48). Similarly, I do not find the ALJ's statement that Plaintiff's "conditions appear to be relatively controlled with medication and testing overall seems to show only some 'mild' sinus tachycardia (e.g. Exhibits 5F and 10F-11F)" to be a mischaracterization of the evidence. (ECF No. 9-2, p. 17). Further, I find these statements to be supported by substantial evidence. *Id.* at pp. 13-22. Consequently, I find no merit to this suggestion.

To the extent Plaintiff is arguing that the ALJ erred in failing to provide adequate reasons for discounting Plaintiff's testimony, I disagree. (ECF No. 12, pp. 2-3). In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. §§404.1529(c), 416.929(c). The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975). After a review of the record, I find that the ALJ followed the proper method as set forth above. (ECF No. 9-2, pp. 13-22). Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and the other evidence in the record. (ECF No. 9-2, pp. 13-22). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

[3] To the extent Plaintiff is arguing that the ALJ erred by relying on an incomplete hypothetical posed to the vocational expert ("VE"), I disagree. (ECF No. 12, p. 3). An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's limitations. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, I find there is substantial evidence that the ALJ accepted the VE's testimony that accurately reflected Plaintiff's limitations as set forth in the residual functional capacity. (ECF No. 9-2, pp. 13-22).

Nonetheless, I have reviewed the record and the ALJ's opinion as a whole and, based on the same, I find the ALJ adequately considered and addressed whether Plaintiff met a listed impairment. *See,* ECF No. 9-2, pp. 17-18. Thus, I find no merit to this argument.

C. **Weighing of Opinion Evidence**

Plaintiff next argues that the ALJ erred in weighing the opinion evidence of his treating cardiologist, Dr. Cooper. (ECF No. 12, pp. 3-5). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory

---

Consequently, I find no error in this regard. Therefore, I find remand is not warranted on this basis.

diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the ALJ erred in assigning little weight to the opinion of his treating cardiologist, Dr. Cooper. (ECF No. 12, pp. 3-5). To that end, Plaintiff seems to argue that Dr. Cooper's opinion is entitled to controlling weight for no other reason than he was his treating physician. (ECF No. 12, pp. 3-4). As set forth above, that is not the law. Simply put, a treating doctor's opinion is not automatically entitled to greater weight over that of a non-examining doctor's opinion, as Plaintiff suggests. In accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit and he must explain his rationale for doing so. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). In this case, the ALJ discounted Dr. Cooper's opinion

because it was rendered prior to Plaintiff attaining the age of 18, it was inconsistent with the evidence of record as a whole and was internally inconsistent. (ECF No. 9-2, pp. 20-21). Consistency is a valid reason for crediting or discrediting evidence. *See,* 20 C.F.R. §§416.927, 404.1527 (Evaluating Opinion Evidence). Based on my review of the record, I find the ALJ's opinion is supported by substantial evidence. Thus, I find no merit to this argument.

Plaintiff also seems to argue that the ALJ erred in giving greater weight to the opinion of the non-examining state agency doctor. (ECF No. 12, pp. 4-5). Specifically, Plaintiff suggests that the only reason the ALJ gave Dr. Mortimer's opinion greater weight was because "he is well-versed in the assessment of functionality as it pertains to the disability provisions of the Social Security Act." (ECF No. 12, p. 4). A review of the record reveals, however, that this is an incorrect statement. The ALJ actually gave greater weight to Dr. Mortimer's opinion because it was consistent with and well supported by the overall record. (ECF No. 9-2, p. 21).

Plaintiff further suggests the ALJ erred in giving greater weight to Dr. Mortimer's opinion because it was rendered two years prior to the decision of the ALJ. (ECF No. 12, p. 4). I find no merit to this suggestion. In fact, an ALJ is entitled to rely upon the findings of an evaluator even if there is a lapse of time between the report and the hearing. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012) ("The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it."). In this case, the ALJ weighed all opinions in consideration with all of the evidence of record. *See,* ECF No. 9-2, 13-22). After a review of the record, I find I am able to conduct a meaningful review and that the ALJ's assessment is supported by substantial evidence. *Id.* Thus, I find no error in this regard. Consequently, remand is not warranted.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALEXANDER SCOTT HEDGLIN, )
  )
       Plaintiff, )
  )
 -vs- )   Civil Action No. 18-755
  )
ANDREW M. SAUL,[4] )
COMMISSIONER OF SOCIAL SECURITY, )
  )
       Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 5th day of November, 2019, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 11) is denied and Defendant's Motion for Summary Judgment (ECF No. 14) is granted.

                                            BY THE COURT:

                                            s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.